IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHNNY R. WOODRUFF, | ) | 8:13CV261 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARK FOXALL, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus. (Filing No. 1.) The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, the claims asserted by Petitioner are:

> Claim One: Petitioner was convicted in violation of his right to due process because "he was falsely arrested and charged with making a terroristic threat." (*Id.* at CM/ECF p. 5.)
>
> Claim Two: Petitioner was convicted in violation of his right to due process because the prosecutor committed misconduct when she told "open lies in court." (*Id.* at CM/ECF p. 9.)
>
> Claim Three: Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel (a) used to work for the public defender's office; (b) told the judge that Petitioner was guilty; (c) did not take any depositions or file any motions in Petitioner's defense; (d) did not object when the prosecutor lied in open court; (e)

|              | manipulated Petitioner's witnesses; (f) refused to correct false information in the presentence investigation report; (g) refused to subpoena tape recorded evidence; and (h) refused to subpoena phone records from the jail. (*Id.* at CM/ECF p. 10.) |
|---|---|
| Claim Four:  | Petitioner was convicted in violation of his right to due process because the trial court committed misconduct when it (1) allowed the prosecutor to lie in open court; (2) never looked into or investigated the facts; and (3) allowed Petitioner to plead no contest to a crime that never occurred. (*Id.* at CM/ECF p. 12.) |

Petitioner's claims appear to be entirely unexhausted in the Nebraska state courts. As best as the court can tell from the Petition, Petitioner has been convicted and sentenced, but he has not yet appealed his conviction and sentence to the Nebraska state courts. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State; or . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant."). However, because Petitioner alleges that circumstances exist that render the State corrective process ineffective to protect his rights, the court preliminarily decides that Petitioner's claims are potentially cognizable in federal court. The court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought, particularly where it is apparent that Petitioner has not exhausted any of his state court remedies.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.     The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to Respondent and the Nebraska Attorney General by regular first-class mail.

3.     By **December 2, 2013**, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 2, 2013**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4.     If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

>    A.     The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

>    B.     The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

>    C.     Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only

required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.**

5. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A. By **December 2, 2013,** Respondent shall file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response.

Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 30, 2013**: check for Respondent to file answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 22nd day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.